UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIPPER MARINE, LTD.,

    Plaintiff,

v.                         Case No. 8:14-cv-1559-T-33TGW

MARLOW-HUNTER, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Marlow-Hunter, LLC's Motion to Dismiss Count VI of Third Amended Complaint or, Alternatively, to Require Plaintiff to Post a Bond (Doc. # 42), filed on November 25, 2014. Plaintiff Clipper Marine, Ltd. filed a response in opposition to the Motion on December 12, 2014. (Doc. # 43). For the reasons that follow, Marlow-Hunter's Motion is denied.

**I.  Background**

Clipper Marine – "a yacht broker/dealer engaged in the business of brokering and resale of yachts" - is a foreign company with its principal place of business located in Southampton, United Kingdom. (Doc. # 40 at ¶¶ 1, 5). Marlow-Hunter – "a manufacturer of pleasure sailing vessels" - is a Florida Limited Liability Company with its principal place of

business located in Palmetto, Florida. (Id. at ¶¶ 2, 6). According to Marlow-Hunter's Articles of Organization, its sole member is David E. Marlow, who is a citizen and resident of the state of Florida. (Id. at ¶ 2).

In August of 2013, Clipper Marine purchased a Legend 40' sailing yacht manufactured and warranted by Marlow-Hunter. (Id. at ¶ 7).

> Upon receipt of the vessel from [Marlow-Hunter], Clipper [Marine] identified defects which rendered it unseaworthy and unfit for resale. Clipper [Marine] notified [Marlow-Hunter] of the defects and made repeated and numerous demands for [Marlow-Hunter] to cure them in order to make the vessel seaworthy and fit for resale. [Marlow-Hunter] failed to undertake efforts to cure the defects and ignored Clipper [Marine's] repeated and numerous demands for it to accept a return of the vessel in exchange for a refund of the purchase price.

(Id. at ¶ 8).

As a result of Marlow-Hunter's "refusal to correct the defects or accept a return of the vessel," Clipper Marine submits that it has "suffered damages in the amount of the purchase price of the vessel, incidental and consequential damages associated with the storage and maintenance of the vessel; and interest through the date of the judgment, costs, and attorney's fees." (Id. at ¶ 9).

Clipper Marine initiated this action on June 27, 2014 (Doc. # 1), and filed the operative complaint on November 17, 2014, setting forth the following counts:

> Count I: Breach of Express Warranties Under the Florida UCC (Fla. Stat. § 672.313),
>
> Count II: Breach of Implied Warranty of Merchantability Under the Florida UCC (Fla. Stat. § 672.314),
>
> Count III: Breach of Implied Warranty of Fitness for a Particular Purpose Under the Florida UCC (Fla. Stat. § 672.315),
>
> Count IV: Revocation of Acceptance Under the Florida UCC (Fla. Stat. § 672.608),
>
> Count V: Breach of Contract, and
>
> Count VI: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

(See Doc. # 40). Thereafter, Marlow-Hunter filed the present Motion on November 25, 2014, seeking dismissal of Count VI or, alternatively, to require Clipper Marine to post a bond pursuant to Fla. Stat. § 501.211. (See Doc. # 42). Clipper Marine filed a response in opposition to the Motion on December 12, 2014. (Doc. # 43). The Court has reviewed the Motion and the response thereto and is otherwise fully advised in the premises.

**II. Legal Standard**

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).  Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

4

### A. Count VI - Florida Deceptive and Unfair Trade Practices Act (FDUTPA)

In the present Motion, Marlow-Hunter seeks dismissal of Count VI as (1) Clipper Marine's allegations are a recasting of the same allegations that are contained in Counts I, II and III of the Third Amended Complaint, (2) Clipper Marine has failed to allege significant deception or malice on the part of Marlow-Hunter, and (3) Clipper-Marine is not an in-state consumer. (See Doc. # 42). The Court will address each contention in turn.

#### 1. Recasting of Counts I, II, and III

According to Marlow-Hunter, "Clipper Marine's FDUTPA claim is based upon the same alleged conduct that forms the basis for the warranty claims that are addressed in Counts I, II, and III of the Third Amended Complaint." (Id. at 6). While Clipper Marine's FDUTPA claim sets forth similar allegations as provided in Counts I – III, the Court sees no reason, at this juncture, why Clipper Marine should not be allowed to plead in the alternative.

#### 2. Deceptive Act or Unfair Practice

Next, Marlow-Hunter suggests that Clipper Marine failed to state a claim under FDUTPA. (Id. at 12). To state a claim under FDUTPA, a plaintiff must demonstrate: (1) a deceptive

5

act or unfair practice, (2) causation, and (3) actual damages. Hetrick v. Ideal Image Dev. Corp., 758 F. Supp. 2d 1220, 1229 (M.D. Fla. 2010).

Marlow-Hunter contends that Clipper Marine has failed to "allege significant deception or malice on the part of Marlow-Hunter." (Doc. # 42 at 5). Instead, Marlow-Hunter argues that Clipper Marine has alleged a breach of warranty under the guise of FDUTPA and has not asserted any allegations that demonstrate probable or significant deception or malice. (Id. at 5-6)(citing Willard v. Home Depot, U.S.A., Inc., No. 5:09-CV-110/RS-MD, 2009 WL 1884395 (N.D. Fla. June 29, 2009); Joyeria Paris SRL v. Gus & Eric Custom Servs., No. 13-22214-CIV, 2013 WL 6633175 (S.D. Fla. Dec. 17, 2013)).

In response, Clipper Marine submits that it has alleged unfair and deceptive actions on the part of Marlow-Hunter in connection with the purchase of the subject vessel and does not merely "recast" or reiterate the allegations of its breach of warranty claims in Counts I – III. (Doc. # 43 at 6). Specifically, in the Third Amended Complaint, Clipper Marine alleges that Marlow-Hunter made representations to Clipper Marine, apart from any warranty, that it would be delivering a vessel in good condition. (Id.). However, despite these assurances, "[Marlow-Hunter] delivered a vessel with numerous

6

defects that rendered the vessel unseaworthy and unfit for resale by [Clipper Marine]." (Id.).

Furthermore, Clipper Marine avers that Marlow-Hunter "represented to [Clipper Marine] that the defects would be cured but never followed up on these representations despite [Clipper Marine's] numerous requests for [Marlow-Hunter] to repair the vessel." (Id.). "[Marlow-Hunter] then represented it would arrange for the re-purchase of the vessel by another dealer, which sold vessels manufactured by [Marlow-Hunter]; however, [Marlow Hunter] failed to do so and failed to answer [Clipper Marine's] communications regarding re-purchase." (Id.).

"[W]hen considering whether a defendant's actions support a finding of unfair methods of competition, unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce, courts have regarded the concept as extremely broad." MJS Music Publ'n, LLC v. Hal Leonard Corp., No. 8:06–cv–488-T30EAJ, 2006 WL 1208015, *2 (M.D. Fla. May 4, 2006)(internal quotation marks omitted). Whether particular conduct constitutes an unfair or deceptive trade practice is a question of fact. Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1292-93 (M.D. Fla. 2009).

7

In order for this Court to make a determination as to whether there was a deceptive act or unfair practice, the Court would be required to look outside the four corners of the Third Amended Complaint, which this Court declines to do at this time. Such a determination is better suited for the summary judgment stage. The Court will make its determination on Clipper Marine's FDUTPA claim - in its entirety – when it is not confined to the four corners of the operative complaint. Therefore, Marlow-Hunter's Motion is denied.

### 3. **Whether FDUPTA Applies as Clipper Marine is Not an In-State Consumer**

Marlow-Hunter contends that Count VI should be dismissed because Clipper Marine is not an in-state consumer. (Doc. # 42 at 8)(citing OCE Printing Sys. USA, Inc. v. Mailers Data Servs., Inc., 760 So. 2d 1037 (Fla. 2nd DCA 2000); Coastal Physician Servs. of Broward Cnty. v. Ortiz, 764 So. 2d 7, 8 (Fla. 4th DCA 1999)). Specifically, the Third Amended Complaint asserts that Clipper Marine is a foreign company with its principal place of business located in Southampton, United Kingdom. (Id.). Furthermore, Clipper Marine admitted that the Legend 40 was received by Clipper Marine in the United Kingdom. (Id.).

8

However, in response, Clipper Marine argues that "FDUTPA does have applicability to the commercial transactions between Florida corporations and non-resident consumers." (Doc. # 43 at 9)(citing <u>Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen.</u>, 761 So. 2d 1256, 1260-61 (Fla. 3rd DCA 2000)).

"[T]here are no geographical or residential restrictions contained in the express language of section 501.202 [of the FDUPTA]." <u>Millennium Commc'n Q & Fulfillment, Inc.</u>, 761 So. 2d at 1262. Indeed, the Act is intended "[t]o protect the consuming public and legitimate enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of *any trade or commerce*." Id.; Fla. Stat. § 501.202 (emphasis added). The term "trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale . . . or otherwise, of any good . . . *wherever situated*." Fla. Stat. § 501.203 (emphasis added). Thus, nothing on the face of the statute precludes its applicability to Clipper Marine simply because evidence shows events concerning the sale of the relevant vessel occurred outside of Florida. See <u>Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.</u>, No. 10-23869-CIV, 2012 WL 1570057,

9

*5-6 (S.D. Fla. May 2, 2012)(finding that plaintiff, a foreign corporation, could bring a FDUTPA claim against defendants, which include domestic corporations and foreign entities, based on plaintiff's allegation that the vessel was sold in Florida).

In order to determine where the offending conduct occurred, the Court would need the benefit of discovery. Therefore, the applicability of FDUTPA in this action as Clipper Marine is admittedly not an in-state consumer, would be better suited for summary judgment. Therefore, Marlow-Hunter's Motion is denied on this ground.

### B. Whether Clipper Marine Should be Required to Post a Bond on its FDUPTA Claim

Alternatively, Marlow-Hunter requests that Clipper Marine be required to post a bond, pursuant to Fla. Stat § 501.211, in order to maintain its FDUPTA claim. (Doc. # 42 at 10). Fla. Stat. § 501.211, states in relevant part:

> In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees. This

>     subsection shall not apply to any action initiated
>     by the enforcing authority.

Fla. Stat. § 501.211 (3).

Marlow-Hunter argues that "[t]he FDUPTA claim alleged by Clipper Marine is without legal or factual merit, and is brought for the purpose of harassment." (Doc. # 42 at 10). Specifically, Marlow-Hunter contends that the FDUTPA claim was "brought based upon the same alleged conduct that ostensibly forms the basis for the breach of warranty claims and the FDUTPA claim was brought by Clipper Marine to make a claim for attorney's fees." (Id.). Furthermore, as argued above, Marlow-Hunter provides that "at best, Clipper Marine's case is a claim for an alleged breach of warranty. There is no valid basis upon which to claim that Marlow-Hunter engaged in significant deception of malice in violation of FDUTPA." (Id. at 11).

"The purpose of requiring a bond is to provide defendants an opportunity for redress for harassment rather than to discourage plaintiffs from seeking access to the courts." Hamilton v. Palm Chevrolet-Oldsmobile, Inc., 366 So. 2d 1233, 1234-35 (Fla. 2nd DCA 1979). To that end, "[i]t is not every plaintiff who can be required to post a bond; only those

11

plaintiffs whose suits appear to be without merit are subject to the requirement." Id.

Clipper Marine argues that Marlow-Hunter "advances no evidence that [Clipper Marine's] FDUTPA claim is without merit. Rather, [Marlow-Hunter] reiterates its Rule 12(b)(6) argument that [Clipper Marine] fails to allege conduct on the part of [Marlow-Hunter] falling under the protections of the FDUTPA." (Doc. # 43 at 11). In doing so, Clipper Marine contends that Marlow-Hunter "ignores the substances of the allegations in [Clipper Marine's] FDUPTA claim." (Id.). Furthermore, Clipper Marine provides that it did not bring its FDUTPA claim for purposes of harassing Marlow-Hunter. (Id. at 12). Instead, under Fed. R. Civ. P. 8(d)(2), Clipper Marine is "entitled to assert alternative theories of relief." (Id.).

Upon due consideration, this Court denies Marlow-Hunter's alternative request to require Clipper Marine to post a bond for its FDUTPA claim. It is not apparent to this Court that Clipper Marine's FDUPTA claim lacks merit and was asserted for the sole purpose to harass Marlow-Hunter. Rather, this Court determines that Clipper Marine, within its right, alleged its FDUPTA claim as an alternative theory of recovery. This Court will address the viability of Clipper

Marine's FDUTPA claim at the proper stage of the proceeding, but at this time, the Court finds it inappropriate – under the standard set forth in Fla. Stat. § 501.211 - to require Clipper Marine to post a bond.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Marlow-Hunter, LLC's Motion to Dismiss Count VI of Third Amended Complaint or, Alternatively, to Require Plaintiff to Post a Bond (Doc. # 42) is **DENIED.**

(2) Defendant has until and including **December 30, 2014,** to file its Amended Answer to Plaintiff's Third Amended Complaint, which includes its answer to Count VI.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record